IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 333, <u>et al.</u>, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. CCB-15-813 |
| | * | |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO, <u>et al.</u>, | * | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**RESPONSE OF DEFENDANTS INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO, HAROLD J. DAGGETT, BENNY HOLLAND, JR., STEPHEN KNOTT, GERALD OWENS, AND JOHN BAKER TO PLAINTIFFS' <u>MOTION FOR ORDER REGARDING SERVICE OF PROCESS</u>**

Defendants International Longshoremen's Association, AFL-CIO ("ILA"), Harold J. Daggett, Benny Holland, Jr., Stephen Knott, Gerald Owens, and John Baker ("ILA Defendants"), through undersigned counsel, pursuant to Local Rule 105 and applicable Federal Rules of Civil Procedure, respond to Plaintiffs' Motion for Order Regarding Service of Process (ECF No. 11).

Plaintiffs' motion asks this Court to disregard the requirements of service of process set forth in Fed. R. Civ. P. 4, and instead order that mail service on the undersigned law firm be sufficient for both the ILA and the individual defendants. Plaintiffs submit no legal basis for this request, and, as this Response will show, case law does not support their argument. Further, Plaintiffs have no factual basis for their request. They have never asked the ILA Defendants to waive service pursuant to Rule 4(d), and, when the ILA Defendants, unsolicited, offered to do so, Plaintiffs responded with silence. Also,

1

Plaintiffs have made no attempt to actually effect service pursuant to Fed. R. Civ. P. 4(e) or 4(h). As a result, their complaints that such service is unduly burdensome do not withstand scrutiny.

## I.

## FACTS

On March 24, 2015, John Sheridan of Marrinan & Mazzola Mardon, P.C. ("Marrinan Firm"), emailed the undersigned attorney, Paul Starr, about the possibility of serving as local counsel in a telephone hearing before this Court that was being scheduled for Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3). That afternoon, together with Sheridan and Kevin Marrinan of the Marrinan Firm, Starr participated in the telephone hearing on behalf of defendant ILA. After argument from both sides, this Court denied Plaintiff's emergency motion (ECF No. 6).[1] Following the Court's ruling but before the telephone hearing concluded, Plaintiffs' counsel orally expressed the intention to move for a preliminary injunction as soon as possible, and inquired about the Court's availability for such a motion. As a result, in order to ensure timely receipt of all electronic court filings should a motion or order be forthcoming, Starr entered his appearance on March 24 on behalf of the ILA and the five individual ILA Defendants: Daggett, Holland, Knott, Owens and Baker (ECF No. 7).

Both prior to the March 24 hearing and in the days following it, Plaintiffs' counsel had variously requested the Marrinan Firm and the undersigned firm to accept service of process on behalf of the ILA Defendants by means of mailing or emailing copies of the Complaint and summonses. See Plaintiff's Memorandum in Support of Motion for Order Regarding Service of Process ("Pl. Memo") at Exhibits 1,

---

[1] During the March 24 telephone hearing, counsel for the ILA Defendants asserted that the first-named plaintiff in this action, International Longshoremen's Association, Local 333, is not a proper party to this action. By filing this Response, the ILA Defendants do not concede or otherwise waive their position in this regard.

9, 10. In response to each request, both the undersigned firm and the Marrinan Firm clearly stated that they were not authorized to accept service of process on behalf of the ILA Defendants. See Pl. Memo at Exhibits 2, 4, 9, 13. To date, Plaintiffs have not attempted in-person service of the ILA Defendants, nor have Plaintiffs asked the ILA Defendants to waive service of process via the procedure outlined in Fed. R. Civ. P. 4(d).

## II.

## ARGUMENT

Plaintiffs' Motion lacks factual and legal support for the unusual relief sought (i.e., forcing the ILA Defendants' counsel to accept service, though they have no such authority from the ILA Defendants to do so). Plaintiffs perceive that such relief is warranted because, in essence, "[t]he parties to this action are well-acquainted with each other." Pl. Memo at p. 4.[2] This fact, assuming its truth, does not provide the basis for this Court to grant the relief Plaintiffs now seek.

The ILA Defendants comprise individuals (Messrs. Daggett, Holland, Knott, Owens, and Baker) and a labor organization (International Longshoremen's Association, AFL-CIO). See Pl. Memo at p. 6 ("The ILA Defendants in this case consist of an unincorporated association (the ILA) and five individuals (who comprise the Executive Council of the ILA)."). Under Fed. R. Civ. P. 4(e), service of process on an individual located within the United States may be made by, inter alia, delivering the complaint and summons "to an agent authorized by appointment ... to receive service of process." Similarly, service of process on an association may be made by, inter alia, delivering the complaint and summons to an "agent authorized to receive service of process[.]" Fed. R. Civ. P. 4(h).

---

[2] Plaintiff's memorandum in support goes on to provide examples of the connection between some of the plaintiffs and the ILA Defendants and their counsel. See Pl. Memo at pp. 4-6.

3

Thus, pursuant to Rules 4(e)(2)(C) and 4(h)(1)(B), service of process on a party via the party's attorney is proper only when the attorney has been specifically "authorized by appointment ... to receive service of process" on the party's behalf. See United States v. Ziegler Bolt & Parts Co., 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service."); Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1094 (2d Cir. 1990) ("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective[.]"). As Plaintiffs are well aware, there has been no such authorization by any of the ILA Defendants.

Plaintiffs twice reference the fact that Starr has entered an appearance with the Court. See Pl. Memo at pp. 3, 8. Plaintiffs never explicitly argue that this entry of appearance constitutes acceptance of service, however. And, indeed, there is no legal basis for such an argument. Federal courts regularly hold that the entry of appearance by a party's attorney does not constitute authorization to accept service of process on behalf of the party or otherwise waive the plaintiff's obligation to serve process according to Rule 4(d). See, e.g., Lewellen v. Morley, 909 F.2d 1073, 1077 (7th Cir. 1990) ("the filing of an 'appearance form' does not relieve plaintiff from executing proper service of process on the defendants"); McClain v. 1st Sec. Bank of Wash., 2014 WL 7043474, at *3 (W.D. Wash. Dec. 11, 2014) (finding defendants did not waive service requirement where defendants entered notice of appearance and responded to motions for default because plaintiff had not attempted to follow procedures in Fed. R. Civ. P. 4(d) for waiving service); Simms v. Deutsche Bank Nat'l Trust Co., 2014 WL 273236, at *4 (N.D. Ga. Jan. 22, 2014) (lawyer's entry of appearance did not waive service requirement notwithstanding state-law practice to contrary); Saathoff v. Duke Univ., 2010 WL 2219720, at *3 (S.D. Fla. June 2, 2010) (holding defendant did not waive service of process by filing notice of appearance,

initiating requests of discovery, and participating in settlement negotiations when defendant never executed waiver of service of process); Cox v. Grayer, 2010 WL 1286837, at *6 (N.D. Ga. Mar. 29, 2010) (finding individual defendant who was not served with process retained right to insist upon personal service where attorney filed notice of appearance on behalf of all defendants and motion for extension of time to file answer explained that not all defendants were served and were not waiving service); Dahill Mgmt. LLC v. Moore, 2009 WL 1664559, at *2 (E.D. Mich. June 15, 2009) ("There is no provision in the Federal Rules providing that a party waives his right to service of process simply by reason of his attorney's filing an appearance in the case.").

While Plaintiffs, at page 7 of their memorandum in support, accurately quote Rule 4(d)(1)'s pronouncement that parties subject to service under Rule 4(e) and (h)—as is the case with the ILA Defendants—have "a duty to avoid unnecessary expenses of serving the summons[,]" that pronouncement is contained within Rule 4*(d)*, the rule's waiver of service provision. Plaintiffs should not be allowed to cherry-pick only those portions of Rule 4 that suit them. Rule 4(d)(1)(A) through (G) set forth a specific procedure that must be followed in order to effect a waiver; Plaintiffs have not even attempted to follow that procedure. And while, as noted above, Plaintiffs have made numerous requests for the ILA Defendants' counsel to *accept* service of the Complaint and summonses in this matter— presumably in accordance with Rules 4(e)(2)(C) and 4(h)(1)(B)—Plaintiffs have made no request for any of the ILA Defendants to *waive* service of process in accordance with Rule 4(d). Moreover, Plaintiffs have ignored the ILA Defendants' recent (and unsolicited) offer to execute any Rule 4(d)-

compliant waiver of service requests Plaintiffs care to make.[3]  Thus, Plaintiffs' implication that the ILA Defendants are causing them unnecessary expense, see Pl. Memo at p. 7, rings hollow.

### III.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Order Regarding Service of Process should be denied.

                                        Respectfully submitted,

Dated:  April 17, 2015                  /s/_____
                                        Paul D. Starr
                                        Bar No. 024789
                                        Abato, Rubenstein and Abato, P.A.
                                        809 Gleneagles Court, Suite 320
                                        Baltimore, Maryland  21286
                                        (410) 321-0990; (410) 321-1419 - fax

                                        Attorneys for ILA Defendants

---

[3] In an e-mail dated April 15, counsel for the ILA Defendants represented to Plaintiffs' counsel that, should Plaintiffs make a request for waiver of service in accordance with Rule 4(d)(1), each of the ILA Defendants would waive service under that rule.  See April 15, 2015, E-mail from Paul Starr to Bruce Luchansky and Kenneth Spring, attached hereto as Exhibit 1.  As of the filing of this Response, Plaintiffs' counsel have not responded to the April 15 e-mail.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April, 2015, copies of the foregoing were served, via the Court's CM/ECF system, on the following:

> Bruce M. Luchansky, Esquire
> Luchansky Law
> 606 Bosley Avenue, Suite 3B
> Towson, Maryland  21204
>
> Kenneth A. Sprang, Esquire
> Washington International Business Counsel, LLP
> 2 Wisconsin Circle, Suite 700
> Chevy Chase, Maryland  20815

/s/
Paul D. Starr